UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14059-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES T. BYRNE,

        Defendant.

_____/

FILED by _____ D.C.

MAY 1 8 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON
MOTION TO WITHDRAW DEFENDANT'S PLEA OF GUILTY [D.E. #42]

THIS CAUSE having come on to be heard upon the aforementioned motion and this Court having reviewed the motion, the government's response, the transcript of the Change of Plea Hearing conducted before the undersigned United States Magistrate Judge as well as the signed Plea Agreement and Stipulated Factual Basis, and this Court otherwise being advised in the premises makes the following recommendation to the District Court:

    1.    The motion essentially requests that the Defendant's guilty plea be set aside and that he be permitted to proceed to trial after disposition of a motion to suppress which he wishes to now file. The motion states that the Defendant now believes that he is not guilty because he believes that he did not employ, use, persuade, induce or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as more particularly set forth in the Indictment charged herein.

2.    The Indictment specifically charges the Defendant with the following offense:

> From on or about July 1, 2009, and continuing through on or about
> September 26, 2009, in St. Lucie County, in the Southern District of
> Florida, the defendant, JAMES T. BYRNE, did employ, use, persuade,
> induce, entice, and coerce, a minor to engage in sexually explicit
> conduct for the purpose of producing a visual depiction of such
> conduct, and knew and had reason to know, that such visual
> depiction had been produced using materials that had been
> shipped and transported in interstate or foreign commerce, in
> violation of Title 18, United States Code, § 2251(a) and (e).

3.    The motion filed by AFPD Peacock admits that the Defendant had close
assistance of counsel throughout all of these proceedings. The motion states that Mr.
Peacock had numerous consultations with the Defendant concerning all aspects of the
case including the issues being raised by the Defendant in this motion. It is obvious to this
Court that Mr. Peacock is filing the motion at the behest of his client. The motion further
suggests that the Defendant "misunderstood the law" and mistakenly told the Court that
he was guilty during his change of plea hearing. The Defendant incorrectly believes that
the government must prove every charge set forth in the Indictment, which is charged in
the conjunctive. This Court will explain later on herein why the Defendant's belief in that
regard is misplaced.

4.    As stated previously herein, the undersigned United States Magistrate Judge
is the judge who conducted the change of plea hearing on January 25, 2010 and accepted
the Defendant's change of plea. This Court has reviewed the transcript of that hearing in
preparation for ruling on this motion. Additionally, there was a written Plea Agreement
which was filed with the Court. As the change of plea hearing transcript indicates, this
Court reviewed certain portions of that Plea Agreement with the Defendant, including
having the Defendant confirm that his signature on page 6 of the Plea Agreement was, in
fact, his signature.

2

5.     This Court also made certain during the change of plea hearing that the Defendant understood the charges to which he was pleading guilty and the possible maximum penalties he was facing in respect to those charges.   The Defendant acknowledged to the Court that he had an opportunity to completely review the Plea Agreement with his attorney and discussed it fully with his attorney before he signed it. Further, the Defendant admitted that he understood the charges to which he was pleading guilty and that there was also a waiver of appellate rights contained within the Plea Agreement, which this Court read to the Defendant word-for-word on the record.

6.     In response to this Court's questions, the Defendant said that no one had attempted in any way to force him to plead guilty and that he was pleading guilty of his own free will because he was guilty of the offense charged in the Indictment.

7.     This Court also reviewed the written Stipulated Factual Basis with the Defendant on the record during the change of plea hearing. The Defendant acknowledged that he had read this Stipulated Factual Basis and discussed it fully with his attorney before he signed it. The Defendant further acknowledged that his signature was contained on page 2 of the Stipulated Factual Basis. This Court asked the Defendant if he fully understood the factual basis to which he responded that he did.  Further, this Court specifically asked the Defendant "Do you agree that this accurately sets forth the facts in your case, sir?" In response, the Defendant said "Yes, it does, Your Honor."

8.     The Stipulated Factual Basis tracks the language contained within the Indictment and charges that from at least July 1, 2009 and continuing through on or about September 26, 2009, in St. Lucie County, Florida, the Defendant did employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the

3

purpose of producing a visual depiction of such conduct, and knew and had reason to know, that such visual depiction had been produced using materials that had been shipped and transported in interstate or foreign commerce, in violation of Title 18, United States Code, § 2251(a).

9. The Stipulated Factual Basis goes on to specifically outline how the Defendant admitted to engaging in sexual activity with a 12 year old mentally handicapped female for the purpose of producing visual images of that sexual activity and that the Defendant took photographs of such activity with the minor child. The Stipulated Factual Basis then discusses how the Defendant transferred those images from particular cameras onto his computer and printed hard copies of the photographs of such sexual activity involving he and the minor child. Further, the Stipulated Factual Basis states that the Defendant engaged in sexual activity with the minor child and took these photographs in his bedroom within his residence located in Port St. Lucie, Florida.

10. The Stipulated Factual Basis also references the computer forensic examination by law enforcement in this case which recovered over 300 images of child pornography involving this same minor child. In at least two of those images, the Defendant's face is visible as he performs oral sex on the minor child. These facts are specifically set forth explicitly within the Stipulated Factual Basis signed by the Defendant.

11. This Court meticulously and carefully went through a Rule 11 plea colloquy as required in this case. This Court is convinced that the Defendant completely understood the Plea Agreement which he had signed as well as all of its terms. The Defendant acknowledged this during the change of plea hearing. Further, the Defendant acknowledged that he had been able to review all of the discovery and written documents

4

in this case with his attorney during the pendency of this case. Further, the Defendant confirmed that he had received a copy of the Indictment pending against him and had fully discussed those charges and the case in general with his attorney. The Defendant also acknowledged that he was fully satisfied with the counsel, representation and advice given to him in this case by his attorney. In fact, in response to that question by the Court concerning whether or not he was satisfied with the counsel, representation and advice given to him by the Office of the Federal Public Defender, the Defendant's response was "Yes. Absolutely." Finally, the Court asked the Defendant if the written Stipulated Factual Basis "accurately sets forth the facts in your case, sir?" The Defendant responded "Yes, it does, Your Honor."

12.     This Court also reviewed during the change of plea hearing the Defendant's waiver of his rights to appeal. This Court read that provision word-for-word from the Plea Agreement and the Defendant acknowledged that he understood that he was waiving his rights to appeal except under the very limited circumstances set forth within that provision of his Plea Agreement. Additionally, this Court asked the Defendant whether or not he understood that by entering a plea of guilty he was waiving or giving up all rights to a trial as well as those other rights associated with a trial, which the Court had previously discussed with him on the record. The Defendant responded "Yes, sir."

13.     The Indictment sufficiently charges the crime to which the Defendant was pleading guilty and is supported by the Stipulated Factual Basis signed by all parties, including the Defendant. The Stipulated Factual Basis sets forth the essential elements of the offense charged in the Indictment pending against the Defendant and to which the Defendant acknowledged he was guilty. It is not necessary that the government prove

5

each and every conjunctive element of the Indictment. It is sufficient that where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those acts conjunctively charged may support a conviction. United State v. Felts, 579 F.3d 1341 (11th Cir. 2009) and United States v. Simpson, 228 F.3d 1294 (11th Cir. 2000).

14. It is not necessary for this Court to conduct an evidentiary hearing in this case since this Court was the Court before which the Defendant entered his guilty plea pursuant to an Order of Reference from the District Court and pursuant to the consent of the Defendant, his attorney and the attorney for the government made on the record. United States v. Brehm, 442 F.3d 1291 (11th Cir. 2006).

15. A guilty plea involves a waiver of a number of a defendant's constitutional rights and therefore must be made knowingly and voluntarily to satisfy the requirements of due process. United States v. Moriarty, 429 F.3d 1012 (11th Cir. 2005). In response to this Court's question as to whether or not he was pleading guilty of his own free will because he was, in fact, guilty, the Defendant responded that he was. This Court interprets that response, as more particularly memorialized in the transcript of the change of plea hearing, as the Defendant admitting his guilt in this case. This Court is not convinced that the Defendant misunderstood or was confused at any time.

16. In accepting the Defendant's plea of guilty, this Court must specifically address three "core principles" of Rule 11 as outlined by the Eleventh Circuit Court of Appeals in United States v. Perry, 332 Fed. Appx. 595 (11th Cir. 2009). The Court must determine that the Defendant entered his guilty plea free from coercion. This Court has absolutely no question in its mind that the Defendant was free of coercion and had close

6

assistance of counsel from the Office of the Federal Public Defender throughout the pendency of this matter. Secondly, the Defendant must understand the nature of the charges. This Court is once again convinced beyond all doubt that the Defendant not only understood the charges pending against him in the Indictment, but understood that those were the charges he was pleading guilty to pursuant to a written Plea Agreement as well as the possible penalties he was facing. Finally, this Court must determine that the Defendant understands the consequences of his plea. As more particularly referenced on page 13 of the transcript of the change of plea hearing, this Court asked the Defendant "Do you understand the possible consequences of your plea?" The Defendant responded "Yes, I do, I believe." This Court reviewed not only the criminal charges which the Plea Agreement stated the Defendant was pleading guilty to, but also the possible maximum penalties that the Defendant was facing. This Court also reviewed with the Defendant the fact that the District Court could reject the recommendations of the Plea Agreement and sentence the Defendant up to the statutory maximum permitted by law for the criminal conduct to which he was pleading guilty as charged in the Indictment.

17.    In determining whether or not a defendant should be entitled to withdraw his previously entered plea of guilty, there are four factors the Eleventh Circuit Court of Appeals suggests should be reviewed. United States v. Luczak, 2010 WL 780459 (11th Cir. 2010). Those factors are as follows:

(1)    Whether the defendant had close assistance of counsel;

(2)    Whether the plea was knowing and voluntary;

(3)    Whether judicial resources would be conserved; and

(4)    Whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

7

18.     This Court has already referenced from the Defendant's own motion, the fact that Mr. Peacock admits that the Defendant had close assistance of counsel throughout the pendency of this case and had many discussions concerning this case, including the grounds upon which the Defendant now attempts to withdraw his plea of guilty. Further, during the change of plea colloquy, the Defendant admitted that he understood the criminal charges which he was facing, had reviewed the Indictment and all discovery in this case with his attorney and was fully satisfied with the counsel, representation and advice given him in this case by his attorney.

19.     Secondly, this Court finds that the Defendant's plea was knowing and voluntary. The discussion herein as well as the transcript of the change of plea hearing bear this out in detail.

20.     Thirdly, judicial resources would be conserved if the Defendant's motion to withdraw guilty plea is denied. First of all, the Defendant has already pled guilty and is now attempting to withdraw that guilty plea without any factual or legal basis. As the Defendant's motion indicates, the Defendant wishes to file a motion to suppress which would require a hearing and ruling by the trial court prior to the matter proceeding any further. If that motion to suppress was denied, then there would be a trial. It is obvious that there would be a great deal of judicial resources expended to conduct those proceedings in the event that the Defendant was permitted to withdraw his plea of guilty.

21.     Finally, the government would be prejudiced if the Defendant was allowed to withdraw his plea of guilty. The government would once again have to prepare the case for trial, contact its witnesses and explain that the minor child  and her family may have to testify. Additionally, the finality of such change of plea proceedings is a

8

consideration. The government is entitled to rely upon such proceedings to finalize disposition of cases where the record supports a finding that the Defendant voluntarily entered a plea of guilty pursuant to a written Plea Agreement and an agreed upon Stipulated Factual Basis.

22.     This Court finds that the Rule 11 inquiries made by this Court at the change of plea hearing were sufficiently extensive to demonstrate the validity of the Defendant's plea of guilty.  His plea was an unconditional plea made with close assistance of counsel pursuant to a written Plea Agreement which he acknowledged he signed.  Finally, the written Stipulated Factual Basis sets forth the essential elements of the crime to which the Defendant was pleading guilty as charged in the Indictment. The Defendant admitted he was guilty of such criminal conduct and was voluntarily pleading guilty to the charges in the Indictment.

**ACCORDINGLY,** this Court recommends to the District Court that the Motion To Withdraw Defendant's Plea Of Guilty [D.E. #42] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _18th_ day of May, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Jennifer C. Millien
AFPD Fletcher Peacock