IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14059-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

JAMES T. BYRNE,

 Defendant.
                                       /

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant James T. Byrne's ("Byrne") Motion to Withdraw Defendant's Plea of Guilty (dkt # 42). THIS MATTER was referred to the Honorable Frank J. Lynch, United States Magistrate Judge, who issued a Report (dkt # 48) recommending that the Motion (dkt # 42) be denied. Byrne filed an Objection (dkt # 49) to the Report.

UPON CONSIDERATION of the Motion, Report, and Objection, and after a de novo review of the record, the Court enters the following Order.

I. **BACKGROUND**

On December 17, 2009, a federal grand jury returned an Indictment (dkt # 20) charging Byrne with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Byrne pleaded guilty to the Indictment at the conclusion of plea hearing conducted by Magistrate Judge Frank J. Lynch on January 25, 2010. Magistrate Judge Lynch issued a Report (dkt # 38) on January 25, 2010, recommending that this Court accept Byrne's plea of guilty. On February 18, 2010, this Court entered an Order (dkt # 39) adopting Magistrate Judge Lynch's Report and adjudicating Byrne guilty of the offense charged. Byrne filed the instant Motion to Withdraw Plea of Guilty (dkt # 42) on May

11, 2010. Magistrate Judge White entered a Report (dkt # 48) on May 18, 2010, recommending that the Motion be denied. Byrne filed an Objection (dkt # 49) to the Report on June 1, 2010.

**II.    ANALYSIS**

Magistrate Judge Lynch's Report recommends that Byrne's Motion to Withdraw Defendant's Plea of Guilty be denied. Byrne filed an Objection to the Report asserting that: (1) he did not knowingly enter his guilty plea and he now believes that his conduct does not fall within the conduct outlawed by 18 U.S.C. § 2251 (a) and (e); and (2) Magistrate Judge Lynch should have conducted an evidentiary hearing.

   A.    Guilty Plea

"A court accepting a guilty plea must comply with Rule 11 and, in particular, address three 'core concerns' underlying Rule 11: (1) that the guilty plea is voluntary; (2) that the defendant understands the nature of the charges; and (3) that the defendant understands the consequences of his guilty plea." United States v. Cesal, 391 F.3d 1172, 1178 (11th Cir. 2004), vacated on other grounds by Cesal v. United States, 545 U.S. 1101 (1996) (citation omitted). This Court finds that Magistrate Judge Lynch fully complied with Rule 11 and addressed the three core concerns set forth in Cesal. Magistrate Judge Lynch discussed and Byrne replied that he understood each of the elements listed in Rule 11(b)(1).[1] See Tr. 3:17-22; 7:12-25; 8:1-25; 9:1-25; 10:1; 14:10-15; 16:1-23. Magistrate

---

[1] Rule 11(b)(1) of the Federal Rules of Criminal Procedure provides that the Court must determine that the defendant understands the following:
(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding; (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the

Judge Lynch also discussed the Rule 11(b)(2) and (3)[2] elements and the three Cesal concerns and Byrne replied affirmatively to each one. See id. at 7:12-25; 8:1-25; 9:1-25; 10:1-12, 19-25; 11:1-8; 12:6-25; 13:1, 15-17.

This Court also finds that Magistrate Judge Lynch correctly determined that Byrne's Motion was insufficient to support a withdrawal of his guilty plea. Pursuant to Rule 11(d), a defendant may withdraw a guilty plea after the court accepts a guilty plea, but before it imposes a sentence, if "the defendant can show a fair and just reason for requesting withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has given a fair and just reason for requesting withdrawal, the district court must examine the totality of the circumstances, including the following four factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government

---

attendance of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere; (G) the nature of each charge to which the defendant is pleading; (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1).

[2]Rule 11(b)(2) provides that: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2).

Rule 11(b)(3) provides that: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

3

would be prejudiced if the defendant were allowed to withdraw his plea." Cesal, 391 F.3d at 1179. The defendant has the burden of proving he is entitled to withdraw his guilty plea. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006).

          1.      Byrne Had Close Assistance of Counsel

Magistrate Judge Lynch correctly concluded that Byrne had close assistance of counsel. Byrne's counsel admitted in the Motion that the Byrne had close assistance of counsel throughout the pendency of this case. Def.'s Mot. at 2 (dkt # 42). Byrne himself admitted at the plea hearing that he had reviewed with his counsel the indictment, all discovery in this case, as well as the plea agreement, and was fully satisfied with the counsel, representation, and advice given to him. See Tr. 6:3-10, 16-20.

          2.      Byrne's Guilty Plea Was Knowing and Voluntary

Magistrate Judge Lynch correctly concluded that Byrne's guilty plea was knowing and voluntary. Byrne asserts in his Objection that his plea of guilty was not knowing because he did not recall reviewing and signing the Stipulated Factual Basis and if he did, it was done hurriedly. He also asserts that he misunderstood how the law applied to his conduct and thus, mistakenly concluded he was guilty. Byrne now believes that the Government must prove every charge set forth in the indictment, which is conjunctive, and therefore his conduct does not fall within the conduct outlawed by 18 U.S.C. § 2251 (a) and (e). It is clear that Byrne knowingly and voluntarily entered his guilty plea. Under oath at the plea hearing, Byrne acknowledged that he had the opportunity to completely read and review the Plea Agreement with his counsel and had his attorney answer any questions he may have had before he signed it. See Tr. 6:16-20. He admitted that he understood the charges to which he was pleading guilty and that he was not forced to plead guilty but was pleading

4

guilty of his own free will.  See Tr. 7:12-18; 10:6-12, 20-25.  Magistrate Judge Lynch then discussed with Byrne the Stipulated Factual Basis.  Byrne admitted that he had read and signed the Stipulated Factual Basis, fully understood it, discussed it with his attorney, and agreed that it accurately set forth the facts in this case.  See Tr. 6:1-25; 7:1.  Byrne has provided no reason to doubt the veracity of these admissions under oath.

Moreover, Byrne's assertion that he misunderstood how the law applied to his conduct and thus, mistakenly concluded he was guilty is unpersuasive.  Section 2551(a) penalizes "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . ."  18 U.S.C. § 2251(a).  Byrne asserts that because the Government charged each and every means set forth in the statute, the Government must prove Byrne employed, used, persuaded, induced, enticed, and coerced a minor to engage sexually explicit conduct to produce visual depictions in order to be guilty of the charged offense.  The Eleventh Circuit has made clear, however, that where an indictment is charged in the conjunctive, the Government is only required to prove the charged offense in the disjunctive.  United States v. Griffin, 705 F.2d 436, 436 (11th Cir. 1983) (citation omitted); see also United States v. Seher, 562 F.3d 1355, 1363 (11th Cir. 2009); United States v. Spencer, 592 F.3d 866, 875 (8th Cir. 2010); United States v. Cusumano, 943 F.2d 305, 311 (3d Cir. 1991).  In other words, "where an indictment charges several means of violation of the statute in the conjunctive, proof of only one of the means is sufficient to convict."  Griffin, 705 F.2d at 436; see also United States v. Felts, 579 F.3d 1341, 1344 (11th Cir. 2009) (holding where a statute defines two or more ways in which an offense may be committed, all may be charged in the conjunctive in one count and proof of only one of those ways may support a conviction).  Byrne's assertion is therefore incorrect.

5

Finally, Byrne's assertion that he did not employ any of the means set forth in § 2251 is also unpersuasive.  In his Objection, Byrne "contends that he never compensated the minor, gave or offered anything of value to the minor, or threatened or intimidated the minor in any way." Obj. at 1. Byrne, however, admitted under oath that he employed the means set forth in § 2251.  "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999).  Statements made by a defendant in a plea agreement and during a plea hearing are presumed to be true.  United States v. Pike, 211 F.3d 385, 389 (7th Cir. 2000).  The Government's Stipulated Factual Basis states in pertinent part:

> The defendant, JAMES T. BYRNE, admits and acknowledges that from at least July 1, 2009, and continuing through on or about September 26, 2009, in St. Lucie County, in the Southern District of Florida, the defendant did employ, use, persuade, entice, and coerce, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . .

Factual Proffer Statement (dkt # 36).  At the plea hearing, Magistrate Judge Lynch discussed the Stipulated Factual Basis with Byrne, and Byrne admitted that he had read and reviewed it with his counsel, signed it, understood it, and agreed that it accurately set forth the facts in his case.  See Tr. 12:6-25; 13:1.  Byrne freely and voluntarily admitted under oath in open court that he committed the acts set forth in the Stipulated Factual Basis.  Byrne's freely given sworn statements are conclusive and Magistrate Judge Lynch correctly concluded that Byrne's plea was knowing and voluntary.

       3.      Judicial Resources Are Conserved By Denying Byrne's Motion to Withdraw His Guilty Plea

Magistrate Judge Lynch correctly concluded that judicial resources would be conserved by denying Byrne's Motion.  Byrne is now attempting to withdraw his guilty plea without any factual or

6

legal basis to do so despite legal advice to the contrary, and after signing a plea agreement with the Government, signing a Stipulated Factual Basis admitting he committed the acts charged, and freely and voluntarily pleading guilty in open Court after a thorough Rule 11 inquiry conducted by Magistrate Judge Lynch.  Judicial resources have already been expended as a result of the instant Motion.  Byrne also wishes to file a motion to suppress which would require a hearing and a ruling by this Court.  Ultimately, significant judicial resources would be expended in conducting a trial. Finally, Byrne's argument that his status as a taxpayer for over fifty years and his six year tenure in the United States Marine Corps should compensate for the additional resources expended also fails. Neither his status as a taxpayer nor his service in the United States Marine Corps grant him additional rights above and beyond those of other citizens who come before this Court.

        4.       The Government Would Be Prejudiced If The Defendant Were Allowed To Withdraw His Plea

Magistrate Judge Lynch correctly concluded that the Government would be prejudiced if Byrne was allowed to withdraw his guilty plea.  Although the Government admits that it still has the evidence necessary to conduct a trial, the Government would have to once again prepare its case for trial.  It would also have to contact and prepare witnesses again.  Most importantly, the Government would have to explain to the minor child and her family that they may have to testify at a trial even though Byrne had previously pleaded guilty.

        5.       Conclusion

Magistrate Judge Lynch correctly concluded that under the totality of the circumstances, and in consideration of the four Cesal factors, Byrne's Motion should be denied.  Moreover, the timing of Byrne's Motion also weighs in favor of denial.  "The time between the entry of the plea and a motion

7

to withdraw the plea may be indicative of the defendant's motivation." United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987) (citation omitted).  An extended period of time between a defendant's guilty plea and his motion to withdraw his guilty plea may call into question the veracity of a defendant's stated motive in filing the motion.  See id.  At the plea hearing, Magistrate Judge Lynch informed Byrne that by pleading guilty, Byrne was facing a mandatory minimum term of imprisonment of 15 years and a statutory maximum term of imprisonment of 30 years, followed by five years of supervised release.  See Tr. 7:19-25.  Byrne responded that he understood the penalties he was facing, id. 8:8, and pleaded guilty on January 25, 2010.  It was not until almost four months later, after Byrne received his Presentence Investigation Report recommending a term of imprisonment of the statutory maximum of 30 years, that Byrne decided to file the instant Motion on May 11, 2010.  The timing of Byrne's Motion clearly weighs in favor of denial.

   B. Hearing

Byrne also requested a hearing on the instant Motion.  As discussed above, Magistrate Judge Lynch conducted an extensive Rule 11 inquiry at the plea hearing which demonstrated that Byrne entered into the plea agreement voluntarily and knowingly.  An evidentiary hearing is unnecessary. See United States v. Luczak, No. 09-13748, 2010 WL 780459, at * 2 (11th Cir. Mar. 9, 2010) (holding an evidentiary hearing is unnecessary where the magistrate's Rule 11 inquiries at the plea hearing were sufficiently extensive to demonstrate the validity of the defendant's plea).

### III.   CONCLUSION

In light of the foregoing, it is

ORDERED AND ADJUDGED that Defendant James T. Byrne's Motion to Withdraw Plea of Guilty is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of June, 2010.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record